Amy ROWLEY, by her parents and natural guardians, Clifford and Nancy Rowley, and Clifford and Nancy Rowley, in their own right, Plaintiffs,

v.

No. 79 Civ. 2139 (VLB).

United States District Court,
S. D. New York.

Jan. 15, 1980.

---

See also D.C., 483 F.Supp. 528.

Michael A. Chatoff, Jamaica, N. Y., for plaintiffs.

Kuntz, Lewis & Spletzer, P. C., Poughkeepsie, N. Y., by Raymond G. Kuntz, Poughkeepsie, N. Y., for defendant School Dist.

Robert D. Stone, Albany, N. Y., by Paul E. Sherman, Jr., Albany, N. Y., for defendant Gordon M. Ambach.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

The facts of this case are set forth in the post-trial opinion filed simultaneously with this memorandum order. The purpose of this memorandum is to deal with two motions made during the course of the proceedings: the motion by the State Commissioner of Education to dismiss for lack of jurisdiction and the plaintiffs' motion to have included in the record affidavits which were attached to their petition to the Commissioner of Education but were apparently not considered by him in reaching his decision.

For the reasons which follow, I deny the defendant commissioner's motion and grant the plaintiffs' motion.

*Jurisdiction*

█ Amy Rowley is currently in the second grade of her neighborhood public school, the Furnace Woods School of the Hendrick Hudson Central School District in Peekskill, New York. This is her third year in that school.

At a meeting held on December 8, 1978, Amy's parents, Clifford and Nancy Rowley, were presented with a draft of the individualized education program ("IEP") drawn up for Amy by her first grade teacher, setting out proposed educational goals and proposed support services for Amy's first grade year. As more fully set forth in the accompanying post-trial opinion, the Rowleys objected to the IEP on the grounds that it failed to provide for a sign language interpreter for Amy. The Rowleys demanded and received a hearing before an independent examiner, and subsequently appealed his adverse decision to the Commissioner of Education, who affirmed.

By following this procedure, the plaintiffs exhausted all of their administrative remedies concerning the 1978–79 IEP, and thus became entitled to bring this action for review. Before this case went to trial, however, a new school year had begun and a

new IEP was due. The plaintiffs, understandably, will not be satisfied with a mere declaration that last year's IEP improperly failed to provide interpretive services; they seek an injunction to compel such services for the current year. In asserting this court's lack of jurisdiction, the commissioner has in essence argued that the plaintiffs may not seek relief applicable to the 1979–80 school year without exhausting their administrative remedies with respect to the 1979–80 IEP.[1]

Defendant commissioner appears to concede that the court has jurisdiction to review the 1978–79 IEP, as to which administrative review procedures were exhausted. Only mootness would strip the court of that jurisdiction. If mootness were accepted as a ground for refusing judicial review, the consequence might be that Amy's IEP would never have such review. Adoption of the 1979–80 IEP, which as of the time of trial had not yet been formulated, a hearing before an independent examiner and disposition of an appeal to the commissioner would have to take place before the matter would once again be ripe for court consideration. The case would not reach court until mid school year at the earliest, and would be moot by the end of the year. Thus the conduct complained of is "capable of repetition, yet evading review," and calls for the invocation of a recognized exception to the mootness doctrine, e. g. *Nebraska Press Association v. Stuart*, 427 U.S. 539, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).

Having found that this court has jurisdiction to review the 1978–79 IEP, there is no need to find jurisdiction over the 1979–80 IEP. In a case in which jurisdiction is properly predicated on 20 U.S.C. § 1415, the court is empowered to grant any "appropriate" relief, 20 U.S.C. § 1415(e)(2), which would include injunctive relief extending beyond the school year at issue. Since the 1978–79 IEP should have contained a provision for a sign language interpreter (see accompanying post-trial opinion) and since Amy needs an interpreter in 1979–80 just as much as (if not more than) she did in 1978–79, I find that an injunction applicable to the 1979–80 school year is an appropriate form of relief.

*Additional Evidence*

■ At the hearing the plaintiffs moved to introduce affidavits which were attached to their petition to the Commissioner of Education, but which were apparently not considered by him in reaching his decision.[2] The defendants objected, contending that the commissioner properly refused to consider the affidavits and that they are not, therefore, a part of the record before this court.[3] I denied the plaintiffs' motion but permitted the parties to brief the issues and left open the possibility that my decision might be reopened. I now reverse my earlier decision and grant the plaintiffs' motion.

The Regulations of the Commissioner of Education, § 279.4, provides that new matter can be filed in connection with the petition for review:

> Initiation of review. The party seeking review shall file with the Office of Counsel of the State Education Department the petition for review including any written argument, memorandum of law, and additional documentary evidence, and the notice of intention to seek review where required, together with proof of service of a copy of such documents upon the other party to the hearing.

The respondent may also attach documents to his answer. § 279.5.

The defendants appear to contend that while petitioners are allowed to submit doc-

---

1. Before the joinder of the commissioner in this action, the plaintiffs and defendant School Board stipulated to put the appropriateness of the 1979–80 placement before the court without regard to the exhaustion requirement. As the defendant commissioner has quite accurately pointed out, however, the parties have no power to confer subject matter jurisdiction on the court by agreement.

2. The commissioner based his decision on "a review of the record before the hearing examiner." (Commissioner's Decision No. 9954, p. 3).

3. The documents consisted primarily of affidavits which would be objectionable as hearsay if sought to be introduced at the district court level.

uments, the commissioner may, in his discretion, refuse to consider them. Their interpretation would permit the commissioner to consider documents selectively—to consider, for example, only those which support the commissioner's decision. That interpretation would raise serious due process and equal protection problems and would conflict with the plaintiffs' right under the federal statute to an "impartial review" at the state level. 20 U.S.C. § 1415.

Defendants suggest, however, that the commissioner's discretion is not unfettered but rather guided by the following standard: only affidavits which contradict testimony offered at the hearing are rejected, unless there is some showing that they could not have been presented at the hearing. Since the defendants have failed to cite any authority for this proposition, I must assume that the practice is an unwritten one. As such, it operates to disadvantage individual petitioners who are less likely than school board respondents to be familiar with unwritten appeals procedures. Any reasonable person would infer from the regulation permitting attachment of documents that such documents will be considered by the commissioner; any other interpretation would render the procedural directions an exercise in futility. Accordingly, the commissioner is estopped from denying his obligation to review such documents; they were a part of the record before him, which he erred in failing to consider, and they are a part of the record before this court.

SO ORDERED.